**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT F. DWERLKOTTE, JR.,**

        **Petitioner,**

    v.                              CASE NO. 22-3078-SAC

**LAURA HOWARD,**

        **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Robert F. Dwerlkotte, Jr., who is in the Larned State Hospital after being civilly committed under the Kansas sexually violent predators act (KSVPA), K.S.A. 59-29a01, *et seq*. Petitioner has sought leave to proceed in forma pauperis (IFP) (Doc. 2), which is granted. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why the Court should consider the arguments identified below.

**Background**

In 2007, pursuant to a plea agreement, Petitioner pled no contest to and was convicted of aggravated sexual battery and aggravated burglary. *State v. Dwerlkotte*, 2009 WL 500992, *1-2 (Kan. Ct. App. 2009) (unpublished opinion) (*Dwerlkotte I*), *rev. denied* Nov. 6, 2009. Taking into account Petitioner's prior conviction of

1

aggravated indecent solicitation of a child, the Reno County District Court declined to follow the joint sentencing recommendation and instead found Petitioner was a persistent sex offender and sentenced him to more than 272 months in prison. *Id.* at *2-3; *see also Dwerlkotte v. State*, 2011 WL 4906854, *1 (Kan. App. 2011) (unpublished opinion) (*Dwerlkotte II*).

In 2017, the Kansas Court of Appeals (KCOA) agreed with Petitioner's argument that his sentence was illegal and remanded for resentencing. *State v. Dwerlkotte*, 2017 WL 1535230, *1 (Kan. Ct. App. 2017) (*Dwerlkotte III*). On remand, the district court improperly resentenced Petitioner, so in 2018 the KCOA once again reversed and remanded for resentencing. *State v. Dwerlkotte*, 2018 WLL 4167670, *1 (Kan. Ct. App. 2018) (unpublished opinion)(*Dwerlkotte IV*).

At his resentencing hearing on November 14, 2018, the state district court ordered that as soon as the appropriate documentation was prepared, Petitioner would be released on parole. (Doc. 1, p. 5.) The following day, the State filed a petition to commit Petitioner under the KSVPA as a sexually violent predator. *See Matter of Dwerlkotte*, 2021 WL 1231243, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Dwerlkotte V*), *rev. denied* July 13, 2021. The Reno County District Court continued the probable cause hearing on the KSVPA petition until February 15, 2019 and did not hold the bench trial on the petition until November 18, 2019. *Id.*

During the bench trial, the district court heard testimony from several witnesses, including experts for the State and for Petitioner. *Id.* The State's experts included Dr. Derek Grimmell,

2

who had in 2016 prepared a written report on Petitioner. *Id.; see also* (Doc. 1, p. 4). On February 21, 2020, the district court issued a written decision finding that Petitioner was a sexually violent predator as defined by the KSVPA and ordering him committed to the care and custody of the Kansas Department of Aging and Disability Services for care, control, and treatment. *Dwerlkotte V*, 2021 WL 1231243, at *2. Petitioner timely appealed the finding to the KCOA, which affirmed the district court on April 2, 2021. *Id.* at *1. The Kansas Supreme Court denied review on July 13, 2021.

Petitioner timely filed the current pro se federal habeas petition on April 15, 2022. (Doc. 1.) He raises three grounds for relief. In Ground One, he argues that his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated by delays in the KSVPA proceedings. *Id.* at 4, 6, 8-10. Petitioner also argues that the State violated certain statutory timing requirements of the KSVPA. *Id.* at 4-11.

As Ground Two, Petitioner argues that the district court violated his due process rights under the Fifth and Fourteenth Amendments because there was insufficient evidence that he met the definition of a sexually violent predator under the KSVPA. *Id.* at 11-13. In addition, Petitioner asserts that his Sixth Amendment rights were violated by the State's failure to call at trial certain witnesses so that Petitioner could cross-examine them. *Id.* Ground Three of the petition is less clear, but it appears that Petitioner argues that his due process rights under the Fifth and Fourteenth Amendments were violated by the Kansas courts' interpretation of the KSVPA's timing requirements as non-mandatory despite the use of

3

the word "shall" in certain statutory subsections. *Id.* at 14-15.

As relief, Petitioner asks this Court to find that his constitutional rights were violated, reverse or vacate the finding that he is a sexually violent predator, order his release from civil commitment and his return to parole, and enjoin the State from pursuing proceedings under the KSVPA against Petitioner unless he commits another sexual offense in the State of Kansas. *Id.* at 18-22. Petitioner also asks the Court to hold that the statutory timing provisions of the KSVPA are mandatory and order Kansas district courts to comply with those timing requirements. *Id.* at 21.

**Screening Standards**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to undertake a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." *See* Rule 4. Because Petitioner has filed his petition pro se, the Court liberally construes the petition, but will not advocate for Petitioner or make arguments on his behalf. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Milton v. Miller*, 812 F.3d 1252, 1263 n. 17 (10th Cir. 2016) (A "pro se petition should be construed liberally, but 'we will not rewrite a petition to include claims that were never presented.' [Citation omitted.]").

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-

court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals and that court must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). This exhaustion requirement is designed to give the state courts a full and fair opportunity to resolve any federal constitutional claim before such a claim is presented to the federal courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

**Ground One**

In Ground One, Petitioner argues that his due process rights were violated by delays in his KSVPA proceedings, namely the delay between (1) the completion of Dr. Grimmell's report and the filing of the KSVPA petition; (2) the filing of the petition and the bench trial; (3) the filing of the petition and the probable cause hearing; (4) the probable cause hearing and the pretrial conference; and (5) the probable cause hearing and the bench trial. (Doc. 1, p. 4, 6, 8-10.) The Court has obtained and reviewed Petitioner's brief to the KCOA in the appeal from his KSVPA proceedings, and it appears from the information now before the Court that Petitioner raised

5

these arguments to the KCOA.

Petitioner also argues in Ground One, however, that the State violated various timing requirements of the KSVPA. (Doc. 1, p. 4-11.) The KCOA addressed this argument as well, holding that "neither Dwerlkotte's statutory nor due process rights were violated." *Dwerlkotte V*, 2021 WL 1231243, *4. Importantly, the KCOA rejected Petitioner's statutory timing arguments based on its interpretation of the KSVPA.

A federal court has no authority in habeas corpus to review a state court's decision concerning the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that federal habeas courts should not reexamine state-court decisions on state-law questions). Thus, Petitioner must show cause, in writing, why the Court should not decline to address the statutory timing arguments in Ground One.

**Ground Two**

As Ground Two, Petitioner argues that his due process rights under the Fifth and Fourteenth Amendments were violated by the finding that he was a sexually violent predator because there was insufficient evidence that he met the KSVPA definition of a sexually violent predator. (Doc. 1, p. 11-13.) This claim appears to be exhausted and otherwise properly before this Court for habeas review.

In addition, however, Petitioner argues in Ground Two that his Sixth Amendment rights were violated by the State's failure to call certain witnesses who apparently wrote reports that were submitted into evidence so that Petitioner could cross-examine them. *Id.* A

6

review of KCOA opinion and the brief Petitioner filed in the KCOA reveals that Petitioner raised no Sixth Amendment confrontation right issue to the state courts. Thus, this argument is unexhausted.

> "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds."

*Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

Petitioner's appeal from his civil commitment under the KSVPA has concluded. This Court knows of no other avenue by which Petitioner could now directly challenge the KSVPA proceedings that led to his civil commitment. *Cf. Matter of Emerson*, 306 Kan. 30, 30-39 (Kan. 2017) (discussing appeals process in KSVPA proceedings and general principles of appeals and jurisdiction). Petitioner feasibly could bring a collateral attack on his commitment under K.S.A. 60-1501, but it appears to be well past the deadline for timely filing such a motion. *See In re Ontiberos*, 295 Kan. 10, 11 (Kan. 2012) ("[D]ue process guarantees a person facing civil commitment under the KSVPA a right to counsel at trial, and that person may challenge the effectiveness of his or her trial counsel on direct appeal or under K.S.A. 60-1501."); K.S.A. 60-1501(c) (holding that subject to certain tolling provisions and other exceptions, a patient in custody under the KSVPA "shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final").

Thus, it appears that if Petitioner attempted to return to state court to exhaust his argument that his Sixth Amendment confrontation rights were violated during the KSVPA proceedings, he would have no procedural avenue by which to do so. Accordingly, the Court is inclined to apply an anticipatory procedural default to this argument for purposes of federal habeas review. *Grant*, 886 F.3d at 892. If Petitioner wishes to return to state court to exhaust his Sixth Amendment argument and is aware of a procedural avenue by which he could do so, he should so inform the Court in his response to this order.

Unexhausted claims that are barred by anticipatory procedural default cannot be considered in habeas corpus unless the petitioner establishes cause and prejudice for the default of state court remedies or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). In other words, Petitioner may overcome this procedural default—and this Court may reach the merits of his confrontation claim—only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). If Petitioner fails to demonstrate cause, the Court need not consider whether he can establish the requisite prejudice. *See*

8

*Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

**Ground Three**

Liberally construing Ground Three, Petitioner argues that his due process rights under the Fifth and Fourteenth Amendments were violated by the Kansas courts' interpretation of the KSVPA's timing requirements as non-mandatory despite the use of the word "shall." (Doc. 1, p. 14-15.) While addressing Petitioner's argument that the delays in his KSVPA proceedings violated his due process rights, the KCOA held:

> It is undisputed that the KSVPA contains several time periods that are—to the extent reasonable to do so—to be followed by district courts. K.S.A. 2020 Supp. 59-29a05(b) states that "[w]ithin 72 hours after a person is taken into custody ... *or as soon as reasonably practicable* ... such person shall be provided with ... a hearing to contest probable cause as to whether the detained person is a sexually violent predator." (Emphasis added). Also, K.S.A. 2020 Supp. 59-29a06(a) states that within 60 days after the probable cause determination, and the district court is to "set the matter for a pretrial conference to establish a mutually agreeable date for trial to determine whether the person is a sexual violent predator." Furthermore, the statute provides that "[t]he trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice and when the respondent will not be substantially prejudiced."
>
> Nevertheless, the Kansas Legislature explicitly stated in the KSVPA that "any time requirements set forth in K.S.A. 59-29a01 et seq. ... either as originally enacted or as amended, are *intended to be directory and not mandatory and serve as guidelines for conducting proceedings* under K.S.A. 59-29a01 et seq." (Emphasis added.) K.S.A. 2020 Supp. 59-29a01(b). Likewise, our court has consistently found that the time periods set forth in the KSVPA are directory and not mandatory. See *In re Care & Treatment of Ritchie*, 58 Kan. App. 2d 189,

> 194-95; 465 P.3d 184 (2020); *In re Care & Treatment of Hunt*, 32 Kan. App. 2d 344, 365, 82 P.3d 861 (2004); and *In re Care & Treatment of Kearney*, No. 117,537, 2018 WL 3400707, at *6 (Kan. App. 2018) (unpublished opinion).

*Dwerlkotte V*, 2021 WL 1231243, at *4.

Even liberally construing the petition, Petitioner's argument in Ground Three appears to be a challenge to the Kansas state courts' holding that the KSVPA statutory section stating that time requirements in the KSVPA are "directory and not mandatory" controls over other KSVPA statutory sections that use the word "shall" when setting forth specific timing requirements. As noted above, a federal court has no authority in habeas corpus to review a state court's decision concerning the interpretation or application of state law. *See Estelle*, 502 U.S. at 67-68. Although Petitioner frames Ground Three as a federal constitutional question, it appears to this Court that it is a challenge to Kansas courts' interpretation and application of Kansas statutes. Thus, it involves only matters outside the province of this Court's review in habeas corpus.

Because Petitioner is proceeding pro se and the above analysis is based on the Court's understanding of Ground Three, the Court will afford Petitioner an opportunity to clarify his arguments in Ground Three if necessary or otherwise show cause why this Court should not decline to address the arguments made therein.

**IT IS THEREFORE ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including May 25, 2022, in which to show cause, in writing, to the

Honorable Sam A. Crow, United States District Judge, why the Court should reach the merits of (1) his argument in Ground One regarding violations of statutory timing provisions, (2) his argument in Ground Two regarding his Sixth Amendment confrontation rights, and (3) the arguments in Ground Three.

**IT IS SO ORDERED.**

DATED:  This 25th day of April, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge