IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT F. DWERLKOTTE, JR.,

                        Petitioner,

         v.                                CASE NO. 22-3078-SAC

LAURA HOWARD,

                        Respondent.


### MEMORANDUM AND ORDER


     This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Robert F. Dwerlkotte, Jr., who is in the Larned State Hospital after being civilly committed under the Kansas sexually violent predator act (KSVPA), K.S.A. 59-29a01, *et seq*. Petitioner proceeds pro se and in forma pauperis. The matter comes before the Court on Petitioner's response to the Court's notice and order to show cause (NOSC) dated April 25, 2022.

**Background**

     In 2007, pursuant to a plea agreement, Petitioner pled no contest to and was convicted of aggravated sexual battery and aggravated burglary. *State v. Dwerlkotte*, 2009 WL 500992, *1-2 (Kan. Ct. App. 2009) (unpublished opinion) (*Dwerlkotte I*), *rev. denied* Nov. 6, 2009. The Reno County District Court found Petitioner was a persistent sex offender and sentenced him to more than 272 months in prison. *Id.* at *2-3; *see also Dwerlkotte v. State*, 2011 WL 4906854, *1 (Kan. App. 2011) (unpublished opinion) (*Dwerlkotte II*).

Petitioner appealed his sentence and the Kansas Court of Appeals (KCOA) reversed and remanded for resentencing. *State v. Dwerlkotte*, 2017 WL 1535230, *1 (Kan. Ct. App. 2017) (*Dwerlkotte III*). When Petitioner appealed the sentence imposed on remand, the KCOA once again reversed and remanded for resentencing. *State v. Dwerlkotte*, 2018 WLL 4167670, *1 (Kan. Ct. App. 2018) (unpublished opinion)(*Dwerlkotte IV*). At the second resentencing hearing, the district court ordered that Petitioner be released on parole as soon as the appropriate documentation was prepared. (Doc. 1, p. 5.)

The following day, the State filed a petition to commit Petitioner under the KSVPA as a sexually violent predator. *See Matter of Dwerlkotte*, 2021 WL 1231243, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Dwerlkotte V*), *rev. denied* July 13, 2021. The Reno County District Court continued the probable cause hearing on the KSVPA petition until February 15, 2019 and did not hold the bench trial on the petition until November 18, 2019. *Id.* During the bench trial, the district court heard testimony from several witnesses, including State expert Dr. Derek Grimmell, who had in 2016 prepared a written report on Petitioner. *Id.; see also* (Doc. 1, p. 4).

On February 21, 2020, the district court issued a written decision finding that Petitioner was a sexually violent predator as defined by the KSVPA and ordering him committed to the care and custody of the Kansas Department of Aging and Disability Services for care, control, and treatment. *Dwerlkotte V*, 2021 WL 1231243, at *2. Petitioner timely appealed the finding to the KCOA, which affirmed the district court on April 2, 2021. *Id.* at *1. The Kansas

Supreme Court denied review on July 13, 2021.

Petitioner timely filed the current pro se federal habeas petition on April 15, 2022. (Doc. 1.) He raises three grounds for relief. In Ground One, he argues that his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated by delays in the KSVPA proceedings. *Id.* at 4, 6, 8-10. Petitioner also argues that the State violated certain statutory timing requirements of the KSVPA. *Id.* at 4-11.

As Ground Two, Petitioner argues that the district court violated his due process rights under the Fifth and Fourteenth Amendments because there was insufficient evidence that he met the definition of a sexually violent predator under the KSVPA. *Id.* at 11-13. In addition, Petitioner asserts that his Sixth Amendment rights were violated by the State's failure to call at trial certain witnesses so that Petitioner could cross-examine them. *Id.* Ground Three of the petition is less clear, but it appears that Petitioner argues that his due process rights under the Fifth and Fourteenth Amendments were violated by the Kansas courts' interpretation of the KSVPA's timing requirements as non-mandatory despite the use of the word "shall" in certain statutory subsections. *Id.* at 14-15.

As relief, Petitioner asks this Court to find that his constitutional rights were violated, reverse or vacate the finding that he is a sexually violent predator, order his release from civil commitment and his return to parole, and enjoin the State from pursuing proceedings under the KSVPA against Petitioner unless he commits another sexual offense in the State of Kansas. *Id.* at 18-22. Petitioner also asks the Court to hold that the statutory timing

provisions of the KSVPA are mandatory and order Kansas district courts to comply with those timing requirements. *Id.* at 21.

**Notice and Order to Show Cause (Doc. 3)**

After conducting a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determined that some of the grounds for relief in the petition were not appropriate for decision in this habeas action. First, the KCOA decided Petitioner's argument that the State violated various timing requirements of the KSVPA based on its interpretation of the KSVPA. Because a federal court has no authority in habeas corpus to review a state court's decision concerning the interpretation or application of state law, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), the Court concluded that it should not address Petitioner's argument in Ground One that the state violated the KSVPA's timing requirements.

Next, in Ground Two, Petitioner argued in part that his Sixth Amendment rights were violated by the State's failure to call for cross-examination certain witnesses who apparently wrote reports that were submitted into evidence at the KSVPA trial. The Court reviewed the KCOA opinion and the brief Petitioner filed in the KCOA and discovered that Petitioner had not raised this issue to the state courts. Thus, the Court concluded that this argument is unexhausted. Because there does not appear to be an avenue by which Petitioner could now bring this issue before the state courts, the Court concluded that the issue appears anticipatorily procedurally defaulted. As such, the Court may not consider it in this habeas corpus matter unless Petitioner shows cause and prejudice for the

4

default of state court remedies or establishes a fundamental miscarriage of justice.

Finally, liberally construing Ground Three, as is appropriate since Petitioner proceeds pro se, the Court believed Petitioner presented an argument that his due process rights under the Fifth and Fourteenth Amendments were violated by the Kansas courts' interpretation of the KSVPA's timing requirements as non-mandatory despite the use of the word "shall." (Doc. 1, p. 14-15.) The KCOA resolved this issue based on its interpretation of the KSVPA—a state law. As explained above, this Court has no authority in habeas corpus to review a state court's decision concerning the interpretation or application of state law. *See Estelle*, 502 U.S. at 67-68.

Based on these conclusions, the Court issued the NOSC on April 25, 2022, explaining at length the legal principles involved and their application to Petitioner's case. (Doc. 3.) The Court specifically told Petitioner that if the Court had misunderstood the thrust of his argument in Ground Three, he should clarify it in response to the NOSC. The NOSC then ordered Petitioner to show cause, in writing, "why the Court should reach the merits of (1) his argument in Ground One regarding violations of statutory timing provisions, (2) his argument in Ground Two regarding his Sixth Amendment confrontation rights, and (3) the arguments in Ground Three." Petitioner has now filed his response. (Doc. 4.)

**Analysis**

Petitioner's response consists largely of block quotes from caselaw without explanation of how the quoted  language applies to

5

the case now before the Court or, more specifically, to the issues identified in the NOSC. Even liberally construing the response, it is difficult to relate most of the arguments in the response to the issues identified in the NOSC.

It appears, however, that Petitioner argues in part that because he "is not a prisoner," the Kansas courts lacked jurisdiction to commit him and "sentence[ him] to undergo treatment under the Kansas sexually violent **prisoner** act." (Doc. 4, p. 2 (emphasis in original).) This argument may stem from the fact that the KCOA referred to the KSVPA in its opinion as "the Kansas Sexually Violent *Prisoner* Act." *See Matter of Dwerlkotte*, 2021 WL 1231243, *1 (Kan. Ct. App. 2021) (emphasis added), *rev. denied* July 13, 2021. The Court presumes that the KCOA's statement was a mere clerical error, as the statute itself states:  "The provisions of K.S.A.59-29a01 et seq. and amendments thereto, shall be known and may be cited as the Kansas sexually violent *predator* act." K.S.A. 59-29a01(c) (emphasis added). The KCOA's clerical error does not alter the name, the scope, or the application of the KSVPA, nor does Petitioner's asserted status as a "civilian" render the KSVPA inapplicable to him. The law under which Petitioner was civilly committed was the Kansas sexually violent predator act.

### Ground One

In his response, Petitioner asserts that he made substantive and procedural due process arguments to the KCOA. (Doc. 4, p. 3.) The Court agrees that those arguments, now presented as part of Ground One of the federal habeas petition, appear to have been exhausted. The portion of Ground One identified in the NOSC as not

properly before this Court for habeas review was the argument that the State violated the KSVPA statutory timelines, an argument the KCOA resolved by interpreting state law. Although Petitioner includes in his response additional argument that the KCOA's interpretation was incorrect (Doc. 4, p. 4-6), that does not change the fact that this Court, when considering a federal habeas petition regarding state proceedings, has no authority to reexamine state-court rulings that interpret state law. *See Estelle*, 502 U.S. at 67-68.

Petitioner also asserts that "[t]his Federal District Court has the authority to make the determination" of the interpretation of state statutes "on its own authority. The Court has a duty to enforce the Federal Laws of any State entity to follow the Federal law or guidelines, especially when it State Law contains the word 'shall' within its statute which gives the standing statute 'evidence of legislative intent.'" (Doc. 4, p. 6.) But Petitioner provides no legal authority to support his contention. And, as cited in the NOSC and above in this order, the United States Supreme Court has instructed that federal courts not reexamine state-court decisions on state-law when acting on a petition for writ of habeas corpus. Moreover, the statutory timing requirements of the KSVPA and the KCOA's interpretation of those requirements do not implicate federal law or federal constitutional provisions.

### Ground Two

The NOSC explained that the Court believed it should apply an anticipatory procedural default to the Confrontation Clause argument in Ground Two. It also explained that in order for the

7

Court to consider the merits of a claim subject to anticipatory procedural default, Petitioner must "establish[] cause and prejudice for the default of state court remedies or establish[] a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996)." (Doc. 3, p. 8.) Although Petitioner recognizes this standard, the response first focuses on arguing that hearsay testimony was introduced at his KSVPA trial and that a Sixth Amendment violation occurred. (Doc. 4, p. 6-9.) This argument could be liberally construed as an attempt to "demonstrate that the failure to consider [the procedurally defaulted] claim[] will result in a fundamental miscarriage of justice." *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). When construed in this fashion, however, the argument falls short. To successfully proceed with a defaulted claim under the fundamental miscarriage of justice, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). He has not done so.

Petitioner also argues that ineffective assistance of trial counsel caused the default. *Id.* at 9. The United States Supreme Court has held that in order for ineffective assistance of counsel to "be used to establish cause for a procedural default," it first "generally must be presented to the state courts as an independent claim." *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (internal quotation marks and citation omitted). There is no indication that Petitioner ever alleged in a Kansas court that his trial counsel was ineffective.

**Ground Three**

In the portion of his response about Ground Three, Petitioner reiterates his arguments on the merits of the claim:  that the KCOA erroneously interpreted the KSVPA. (Doc. 4, p. 10-15.) He asserts that the KCOA disregarded portions of the KSVPA, overlooked evidence of legislative intent contained in the KSVPA, and misinterpreted the concept of a reasonable time period. He also argues that the evidence shows that Dr. Grimmell failed to comply with KSVPA requirements and that the prosecutor in his KSVPA matter improperly obtained a continuance of the probable cause hearing. But the strength or weakness of the merits of this claim do not affect whether this Court has authority to hear it.

Although Petitioner asserts that "[f]iling of K.S.V.P.A. petition grossly out of time is grounds for presumptive prejudice and a ruling of this can be attained from the Federal District Court," (Doc. 4, p. 12), he fails to provide any legal authority for this assertion. And, as noted above, federal habeas courts have no authority to review state-court interpretations of state laws.

**Conclusion**

Even liberally construing the response to the NOSC, Petitioner has not shown good cause to alter the Court's earlier conclusion that the Court may not reach the merits of the following arguments: (1) the argument in Ground One that the KSVPA timing provisions were violated; (2) the argument in Ground Two regarding Sixth Amendment confrontation rights, and (3) the arguments in Ground Three. Accordingly, for the reasons explained in the NOSC and above, those grounds cannot be the basis for federal habeas relief. This matter will proceed only on the remaining portions of Grounds One

and Two.

With respect to the remaining grounds for relief[1], the Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED:**

1. That Respondent is hereby required to show cause within thirty (30) days from the date of this order why the writ should not be granted.

2. That the response should present:

    a. The necessity for an evidentiary hearing on each of the remaining grounds alleged in Petitioner's pleading; and

    b. An analysis of each of said grounds and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this court for examination and review the following:

---

[1] Specifically, the remaining grounds for relief are as follows: In Ground One, Petitioner argues that his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated by delays in the KSVPA proceedings. In Ground Two, Petitioner argues that there was insufficient evidence to find he was a sexually violent predator under the KSVPA, so that finding and his subsequent commitment violated his due process rights under the Fifth and Fourteenth Amendment.

The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings.

3. Upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 25th day of May, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge


11