```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**ROBERT F. DWERLKOTTE, JR.,**

                    **Petitioner,**

        v.                                         **CASE NO. 22-3078-SAC**

**LAURA HOWARD,**

                    **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's motion to appoint counsel (Doc. 6) and his motion in limine (Doc. 7). For the reasons stated below, the Court will deny the motions without prejudice.

**Background**

In this matter, Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254 from his civil commitment under the Kansas sexually violent predator act (KSVPA). After conducting a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Case in the United States District Courts, the Court issued a notice and order to show cause (NOSC) directing Petitioner to show cause why certain portions of the petition should not be dismissed. (Doc. 3.) Petitioner filed his response. (Doc 4.) In an order dated May 25, 2022, the Court concluded that it may not reach the merits of Petitioner's argument in Ground One that the KSVPA timing provisions were violated; the argument in Ground Two regarding Sixth Amendment confrontation rights; and all of the arguments in Ground Three. (Doc. 5.)

With respect to the remaining grounds for relief, the Court ordered Respondent to show cause why the writ should not be granted. *Id.* Respondent's answer and return is due on or before June 24, 2022. *Id.* On June 13, 2022, Petitioner filed the motion for appointment of counsel (Doc. 6) and the motion in limine (Doc. 7) that now come before the Court.

**Discussion**

Petitioner has filed a motion to appoint counsel. (Doc. 6.) There is no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

In support of his request that counsel be appointed, Petitioner points out that he would be unable to personally appear at any evidentiary hearing in this matter. (Doc. 6, p. 1.) When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this stage in the proceedings, the Court concludes that it

is not in the interest of justice to appoint counsel. Petitioner has ably articulated his claims and Respondent has been directed to file an answer to the claims that remain. There is no evidentiary hearing scheduled at this time. If discovery is authorized in this matter or if an evidentiary hearing is warranted, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rules 6 and 8, 28 U.S.C.A. foll. § 2254. At this stage of these proceedings, however, the motion for appointment of counsel is denied.

Petitioner has also filed a motion to exclude evidence of disciplinary infractions he incurred while in prison. (Doc. 7.) He bases the request on a belief that Respondent "appear[s] to argue [Petitioner] must have been the responsible party in this case who perpetuated the 2014 Disciplinary Offense" based on statements made during Petitioner's 2019 trial. *Id.* at 1.

The Federal Rules of Civil Procedure that govern pretrial discovery do not control discovery in habeas corpus cases unless the Court so orders. *See* Fed. R. Civ. P. 81(a)(4)(A); *Harris v. Nelson*, 394 U.S. 286, 289-90 (1969). "Generally speaking, federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits." *Simpson v. Carpenter*, 912 F.3d 542, 575 (10th Cir. 2018) (internal quotation marks and citations omitted).

This is because if a state court denied the claim based on the merits, the federal habeas court may grant relief only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or

"was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). In order to evaluate the KCOA's decision, this Court necessarily views the evidence before the KCOA at the time it made that decision. Thus, if Petitioner's prison disciplinary history was before the KCOA in the proceedings he now challenges, Respondent will submit it to this Court. (See Doc. 5, p. 11.) The motion to exclude evidence (Doc. 7) is denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to appoint counsel (Doc. 6) and his motion to exclude evidence (Doc. 7) are **denied.**

**IT IS SO ORDERED.**

DATED:  This 14th day of Jun, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge