IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT F. DWERLKOTTE JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LAURA HOWARD, Secretary, )<br>Kansas Dept. for Aging and Disability Servs., )<br>)<br>Respondent. )<br>)<br>_____) | Case No. 22-3078-JWL |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Robert Dwerlkotte's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1). For the reasons set forth below, the Court **denies** the petition.

### **I.   Background**

Petitioner's criminal history includes convictions for sexual offenses, including aggravated indecent solicitation of a child and aggravated battery. On November 15, 2018, upon his release from prison for his most recent crimes, the State of Kansas filed a petition in state district court to commit petitioner as a "sexually violent predator" pursuant to the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. § 59-29a01 *et seq.* The state court conducted a bench trial on November 18, 2019, and it issued a written decision on February 21, 2020, in which it found in favor of the State and ordered petitioner to be committed as a sexually violent predator under the KSVPA to the custody and care of respondent. The

Kansas Court of Appeals affirmed the decision of the district court, and the Kansas Supreme Court denied review. *See In re Dwerlkotte*, 2021 WL 1231243 (Kan. Ct. App. Apr. 2, 2021), *rev. denied* (Kan. July 13, 2021).

On April 15, 2022, petitioner timely filed the instant petition in this Court. On April 25, 2022, the Court ordered petitioner to show cause why the Court should consider the merits of certain claims in light of the relevant standards governing petitions under Section 2254. On May 25, 2022, after petitioner had responded to the show cause order, the Court issued a Memorandum and Order in which it effectively denied certain claims asserted by petitioner. In particular, the Court ruled that it had no authority to review petitioner's claims that turn on the interpretation or application of the KSVPA; and that petitioner had failed to exhaust his state court remedies concerning his Sixth Amendment claim that the State had not presented certain witnesses for cross-examination, as he had not raised any such issue on appeal to the Kansas Court of Appeals and had not established any basis for excusing that procedural default. The Court ordered the State to respond to petitioner's other claims.[1] The State filed such a response, petitioner filed a reply brief, and the petition is therefore ripe for ruling.[2]

---

[1] By separate order, the Court denied without prejudice petitioner's motions for appointment of counsel and for exclusion of certain evidence.

[2] This case was reassigned to the undersigned judge on September 27, 2022.

## II.  Governing Standards

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for consideration of a prisoner's writ of habeas corpus on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).  The petitioner must exhaust state court remedies. *See id.* § 2254(b), (c).  Relief shall not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See id.* § 2254(d).  The standard is very strict, as explained by the Tenth Circuit:

> The [state court] rejected this claim on the merits.  Our review is therefore governed by the AEDPA, which erects a formidable barrier to federal habeas relief and requires federal courts to give significant deference to state court decisions on the merits.
>
> . . .
>
> Clearly established law is determined by the United States Supreme Court, and refers to the Court's holdings, as opposed to the dicta.  A state court decision is "contrary to" the Supreme Court's clearly established precedent if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.
>
> A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.  Evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general

3

the rule – like the one adopted in *Strickland* – the more leeway state courts have in reaching outcomes in case-by-case determinations. An *unreasonable* application of federal law is therefore different from an *incorrect* application of federal law.

We may issue the writ only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents. Thus, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet – and it is – that is because it was meant to be. Indeed, AEDPA stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Accordingly, we will not likely conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy.

*See Frost v. Pryor*, 749 F.3d 1212, 1222-24 (10th Cir. 2014) (emphasis in original) (internal quotations and citations and footnote omitted).

### III. Analysis

#### A. *Delays in the Commitment Proceedings*

Petitioner's first remaining claim is that his due process rights were violated because of the length of time (approximately one year) that passed between the State's petition for his commitment and his eventual trial. The Kansas Court of Appeals rejected this claim, based on its conclusions that "the district court reasonably exercised its authority to control its own docket in the best interests of the administration of justice," and that petitioner had presented no evidence of prejudice from the scheduling of the proceedings (and had

4

arguably benefitted from the additional time allowed for his attorney and expert to prepare for trial). *See Dwerlkotte*, 2021 WL 1231243, at *4.[3]

In this Court, petitioner repeats his claim that the delay resulted in a violation of his due process rights. As a general rule, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citations and internal quotations omitted).[4]

Petitioner argues that his claim should be analyzed under the balancing test that governs a claim of a violation of a criminal defendant's right to a speedy trial under the Sixth Amendment, which the Supreme Court established in *Barker v. Wingo*, 407 U.S. 514 (1972). The Supreme Court, however, has never applied that standard in the civil

---

[3] In his state appellate brief, petitioner based his due process claim specifically on the delay from the time of the State's petition to the time of his trial, and the Court of Appeals therefore addressed that particular claim of delay. In his petition in this Court, petitioner appears also to complain about delays between the State's evaluation of him and the filing of its petition, between that filing and his receipt of notice, between the filing and the probable cause hearing, and between the probable cause hearing and the pretrial conference. Because petitioner did not address any such delays in his state court appeal, however, he has failed to exhaust his state court remedies with respect to any claim based on other delays, as required by 28 U.S.C. § 2254(b) and (c). In the Kansas courts, an issue not raised on appeal is deemed abandoned. *See State v. Edwards*, 260 Kan. 95, 98 (1996). If a petitioner has failed to exhaust or has procedurally defaulted a claim by failing to raise it in the state courts, the claim may be raised in the federal habeas court only if the petitioner can demonstrate cause for the failure and actual prejudice from the constitutional violation; or that the prisoner is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998). As the Court ruled in its previous Memorandum and Order, petitioner has not met this standard for an exception to the procedural default. Moreover, any such claim based on a different delay would fail for the same reason that the claim addressed herein fails, namely that there is no clearly established Supreme Court precedent contravened by the state courts' denial of petitioner's due process claim.

[4] The State does not dispute that a civil commitment proceeding gives rise to due process protections. *See Addington v. Texas*, 441 U.S. 418, 425 (1979).

5

commitment context. Petitioner takes issue with the state court's decision in which it refused to find a due process violation, and as noted above, petitioner must show that that decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d). That standard cannot be met if the Supreme Court's cases give no clear answer to the question presented. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008). Nor may the law of other courts "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme Court] has not announced," for purposes of satisfying the Section 2254 standard. *See Lopez v. Smith*, 574 U.S. 1, 6-7 (2014) (citation and internal quotations omitted). The Tenth Circuit has elaborated on this point as follows:

> Clearly established law is not gleaned from general principles teased from precedent. Rather, it consists of Supreme Court holdings in cases where the facts are at least closely related or similar to the case *sub judice*. In particular, the Supreme Court must have expressly extended the legal rule to that context.

*See Wellmon v. Colorado Dept. of Corrections*, 952 F.3d 1242, 1250 (10th Cir. 2020) (internal quotations omitted) (quoting *House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008)).

Although the Supreme Court has set forth a standard for evaluating speedy trial claims in criminal cases under the Sixth Amendment, it has not applied that standard in the civil commitment context or otherwise recognized a due process right to have civil commitment proceedings take place within a certain time frame. Accordingly, petitioner cannot show that the rejection of this claim by the Kansas Court of Appeals involved an

unreasonable application of clearly established federal law.  *See Seeboth v. Mayberg*, 2012 WL 2571191, at *7-8 (E.D. Cal. July 2, 2012) (citing this basis in denying a Section 2254 claim based on delays in a civil commitment proceeding).  The Court therefore denies this claim.[5]

### B. *Sufficiency of the Evidence*

Petitioner also claims that the evidence supporting his commitment was insufficient, resulting in a due process violation.  Upon habeas review, the sufficiency of the evidence is reviewed under the standard announced in *Jackson v. Virginia*, 443 U.S. 307 (1979).  Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements . . . beyond a reasonable doubt."  *See id.* at 319 (emphasis in original).  The habeas court must presume that the trier of fact resolved any conflicting inferences against the petitioner.  *See id.* at 326.  Moreover, if the state court has already rejected the claim, the AEDPA "adds a second layer of deference to this standard," and the federal court asks whether the state appellate court "correctly identified the governing legal principle from *Jackson* and reasonable applied it to the facts of [the habeas petitioner's] case."  *See*

---

[5] The lack of clearly established precedent from the Supreme Court is analytically dispositive under Section 2254, and the Court therefore need not assess whether the state court's decision involved an unreasonable application of federal law.  *See House*, 527 F.3d at 1017.  Even if the Court did reach that issue and apply the *Barker* test, however, petitioner's claim would fail, as the Kansas Court of Appeals did not act unreasonably in concluding that petitioner was not denied due process in light of the reasonableness of the delays in the proceedings and the lack of actual prejudice with respect to petitioner's preparation for trial (factors not disputed by petitioner in his briefs).

*Hooks v. Workman*, 689 F.3d 1148, 1167 (10th Cir. 2012). The Tenth Circuit has referred to this standard as "deference squared." *See id.* at 1166.

As the Kansas Court of Appeals noted, the State was required in this case to establish the following four elements beyond a reasonable doubt:

> (1) the individual has been convicted of or charged with a sexually violent offense; (2) the individual suffers from a mental abnormality or personality disorder; (3) the individual is likely to commit repeat acts of sexual violence because of a mental abnormality or personality disorder, and (4) the individual has serious difficulty controlling his or her dangerous behavior.

*See Dwerlkotte*, 2021 WL 1231243, at *5 (quoting *In re Williams*, 292 Kan. 96, 106 (2011)). Petitioner argues, as he did in his state-court appeal, that the State failed to prove the third and fourth elements.

The Court rejects this argument. Two expert witnesses provided opinion testimony that petitioner is likely (and far more likely than the average sex offender) to commit repeat acts of sexual violence because of his (conceded) mental health diagnoses and that he "has a propensity to commit acts of sexual violence to such a degree as to threaten the health and safety of others," and the district court found that testimony to be credible and persuasive. *See id.* at *5. Based on that testimony and the district court's findings, the Kansas Court of Appeals concluded that a rational trier of fact could conclude that the State had proved the required elements beyond a reasonable doubt. Petitioner takes issue with the experts' testimony, but he has not explained why that evidence, viewed in the light most favorable to the State, could not support the district court's decision that the statutory elements had been established. The Kansas Court of Appeals applied the correct standard, and its application of that standard, based on the experts' opinions credited by the district

court, was not unreasonable. Accordingly, under the deferential standard governing this claim, the Court concludes that petitioner has not established an entitlement to relief, and the Court therefore denies the claim.

### IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[6] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that petitioner is not entitled to relief on his habeas petition, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for relief pursuant to 28 U.S.C. § 2254 is hereby **denied**.

---

[6] The denial of a Section 2254 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

court, was not unreasonable. Accordingly, under the deferential standard governing this claim, the Court concludes that petitioner has not established an entitlement to relief, and the Court therefore denies the claim.

### IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[6] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that petitioner is not entitled to relief on his habeas petition, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for relief pursuant to 28 U.S.C. § 2254 is hereby **denied**.

---

[6] The denial of a Section 2254 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Dated this 6th day of October, 2022, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge
